IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

APCC SERVICES, INC.,           )
                               )
    Plaintiff,                 )
                               )
    v.                         )    Civil Action No. 1:10cv431
                               )
ADIAMO TELECOM, L.L.C.,        )
                               )
    Defendant.                 )

## REPORT AND RECOMMENDATION

This matter came before the Court on plaintiff's Motion for Default Judgment as to Andiamo Telecom, L.L.C. (Dkt. No. 8). After no representatives for defendant appeared at the July 23, 2010 hearing on plaintiff's Motion, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## I. INTRODUCTION

Plaintiff APCC Services, Inc. ("plaintiff") filed this action on April 28, 2010 against Andiamo Telecom, L.L.C. ("Andiamo"), alleging breach of contract. Plaintiff is a Virginia corporation with its principal place of business at 625 Slaters Lane, Suite 104, Alexandria, VA 22314. (Compl. ¶ 2.) Defendant Andiamo is a resident and citizen of Arizona. (Id. at ¶ 3.)

Plaintiff seeks a judgment against Andiamo awarding plaintiff's damages. (Compl. ¶16).

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this case

because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. (28 U.S.C. § 1332(a)(1); Compl. ¶ 4.) The Court has personal jurisdiction over Andiamo pursuant to Va. Code § 8.01-328.1, and the exercise of personal jurisdiction over Andiamo is consistent with due process.

Venue is proper in this District pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims against defendants occurred in this District.

### B. Process and Service

On May 13, 2010, plaintiff's process server personally served the Complaint and Summons on Richard Lorenzen, who is designated by law to accept service of process on behalf of Andiamo at 2901 N. Central Avenue, Suite 2000, Phoenix, Arizona 85012. (Mehler Decl. ¶5; Dkt. No. 4.)

### C. Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this matter. (Mehler Decl. ¶7). The Clerk of this Court entered default on September 16,2010. (Compl. ¶7; Dkt. No. 7.)

II. FACTUAL FINDINGS

Upon a full review of the Complaint, all relevant pleadings, plaintiff's Motion for Default Judgment, and the documents submitted in proof of damages, the undersigned Magistrate Judge

finds that plaintiff has established the following facts.[1]

On October 29, 2009 plaintiff entered into a settlement agreement with the defendant Andiamo to resolve a certain informal complaint that APCC had filed against Andiamo with the Federal Communications Commission. (Compl. ¶ 6; Compl. Ex. A). Pursuant to the Settlement Agreement, defendant was required to make the following installment payments to plaintiff:

> Installment Payment No. 1: $5,000 upon execution of the Settlement Agreement and Release;
>
> Installment Payment No. 2: $5,000 due on October 31, 2009;
>
> Installment Payment No. 3: $5,000 due on November 30, 2009;
>
> Installment Payment No. 4: $5,000 due on December 31, 2009;
>
> Installment Payments No. 5-17: $10,000 due on the last day of each month for thirteen consecutive months beginning January 31 (Compl. ¶ 7; Compl. Ex. A. ¶1).

Defendant made installment payments 1 through 6.(Compl. ¶8). On March 31, 2010 defendant defaulted on payment 7, a $10,000 installment. (Compl. ¶13; Jaeger Dec.) Defendant has not cured this non-payment. (Compl. ¶10).

Pursuant to Paragraph 4 of the Settlement Agreement and Release, "[i]f Andiamo fails to timely make a payment due under this Agreement or otherwise materially breaches this

---

[1] The pleadings include the Complaint (Compl.), parties Settlement Agreement (Compl. Ex. A), plaintiff's Motion for Default Judgment ("Mot. for Default J."; Dkt. No. 8) and its supporting documents, including the Declaration of Ruth Jaeger ("Jaeger Dec.") and the Declaration of Charles Mehler ("Mehler Dec.").

Agreement, APCC Services may by written notice to Andiamo declare Andiamo in default under this Agreement and the entire balance of the Settlement Amount shall become immediately due and payable. In such event, Andiamo shall have five business days from the date of the notice to cure a default for non-payment of amounts due, with APCC entitled to interest on late payments at the FCC-prescribed annual rate of 11.25%. (Compl. ¶11; Compl. Ex. A ¶4).

The Settlement Agreement further provides that if Andiamo fails to timely cure any default, APCC shall have the right to enforce the Settlement Agreement and Release in this Court. (Compl. Ex. A ¶4). In Paragraph 4, Andiamo consented to any such enforcement action in this Court, waived any right it may have to seek a change of venue or challenge jurisdiction of the Court, and agreed to pay the attorney's fees and costs incurred by APCC in enforcing any judgment to enforce the Settlement Agreement and Release. (Id.).

On April 1, 2010, APCC sent a written notice to Andiamo informing Andiamo that it was in default for installment 7, and that Andiamo had five business days to cure the default pursuant to the Settlement Agreement. (Compl. ¶13; Jaeger Dec.). Andiamo never cured the default. (Compl. ¶ 14). Plaintiff filed the Complaint in this case on April 28, 2010. Defendant failed to file an answer. (Motion for Default J., Dkt. 8) On June 16, 2010 the Clerk of this Court entered default against defendant. (Dkt. 7).

## III. <u>REQUESTED RELIEF</u>

Plaintiff seeks a total of $118,661.75 in damages for Andiamo's breach of contract. This is the sum of the outstanding balance of $110,000; $3,093.75 in interest on the delinquent payments, calculated at a rate of 11.25%; $4861.00 in attorney's fees; $350.00 filing fee in this Court; and $357.00 in process server fees, pursuant Paragraph 4 of the Settlement Agreement[2] (Compl. ¶16; Mot. for Default J.; Jarger Dec.)

## IV. RECOMMENDATION

The Magistrate Judge recommends entry of judgment in the amount of $118,661.75 in favor of plaintiff against defendant.

## V. NOTICE

The parties are advised that exceptions to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure must be filed 14 days after service. A failure to object waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and defendant at the following address:

```
Andiamo Telecom, L.L.C.
c/o Perkins Coie
2901 N. Central Ave.
Suite 2000
Phoenix, AZ 85012
```

/s/

THERESA CARROLL BUCHANAN
                                        UNITED STATES MAGISTRATE JUDGE

September 1, 2010
Alexandria, Virginia